IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHANNA KARNES,

                Plaintiff,

     v.

MICHELE STEWART, ROD FISCHER, &
REGENCE BLUECROSS BLUESHIELD OF
OREGON,

                Defendants.

CV-10-1059-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

**INTRODUCTION**

Plaintiff, Johanna Karnes ("Karnes"), filed this action in the Circuit Court of the State of Oregon for the County of Multnomah alleging a claim for negligence against defendants Michele Stewart ("Stewart") and Rod Fisher ("Fisher") and a claim for breach of contract against defendant Regence Bluecross Blueshield of Oregon ("Regence").

Defendant Regence timely removed the action to this court on September 8, 2010, asserting jurisdiction under 28 USC §1331 because Karnes's contract claim falls under the provisions of the Employee Retirement and Income Security Act ("ERISA"), 29 USC § 1001, *et seq*. Defendants Stewart and Fisher then timely filed a Motion for Partial Remand (docket # 3). For the reasons set forth below, that motion should be granted.

## **STANDARDS**

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 USC § 1441. This authority is tempered by two provisions authorizing remand to state court. The first provision, 28 USC § 1448(c), mandates remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The second provision, 28 USC § 1441(c), authorizes discretionary remand of "all matters in which State law predominates."

When considering a motion to remand an action removed from state court based on federal question jurisdiction, the district court must consider whether it "would have had federal question jurisdiction originally." *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 US 1, 8 (1983). It also must be mindful of the admonition that the removal statute is "strictly construed against removal jurisdiction.'" *Ethridge v. Harbor House Rest.*, 861 F2d 1389, 1393 (9th Cir 1988). Furthermore, "the burden of establishing federal jurisdiction falls to the party invoking the [removal] statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F3d 831, 838 (9th Cir 2004) (citation omitted).

///

///

## ALLEGATIONS

Karnes alleges a claim for negligence against Stewart and Fisher arising from a motor vehicle collision that occurred on August 5, 2008, in Multnomah County, Oregon, when Stewart allegedly rear-ended Karnes's vehicle. Complaint, ¶¶ 2-3. This collision allegedly resulted in personal injuries for which Karnes seeks damages consisting of $200,000 for future medical expenses, $10,000 for lost wages, and $150,000 for past and future non-economic damages. *Id*, ¶¶ 4-5. She alleges that Fisher, as the owner of the vehicle driven by Stewart, is vicariously liable under the family purpose doctrine. *Id*, ¶ 7.

Karnes also alleges that Regence, her health insurer, breached its contract by failing to pay her medical bills related to the injuries she suffered in the collision which were not covered by her personal injury protection ("PIP") benefits from her auto insurer, as well as by failing to pay her medical bills unrelated to the injuries suffered in the collision. *Id*, ¶ 10. As a result, she seeks $200,000 in damages from Regence. *Id*, ¶12. Regence provided group health benefits to Karnes through a group health insurance policy issued to her employer, Everybody Physical Therapy, LLC. Regence's Answer (docket # 6), ¶ 9.

## FINDINGS

Regence removed this action under 28 USC § 1441(c) which provides as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction is conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

In § 1441(c), the phrase "separate and independent means separate wrongs. Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of

3 - FINDINGS AND RECOMMENDATION

transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Emerich v. Touche Ross & Company*, 846 F2d 1190, 1197 (9th Cir 1988), citing *American Fire and Casualty Co. v. Finn*, 341 US 6 (1951) (internal quotations omitted). "[I]f one claim depends on establishing liability under the other, the two cannot be found to be independent." *Eastus v. Blue Bell Creameries, Inc.*, 97 F3d 100 (5th Cir 1996), citing *Moore v. United Servs. Auto Ass'n*, 819 F2d 101, 104 (5th Cir 1987).

Regence asserts that removal was proper under § 1441(c) because the claim for breach of contract, which is removable under ERISA, is separate and independent from the negligence claim against Stewart and Fisher, which is non-removable due to the lack of diversity jurisdiction. Whereas the breach of contract claim arises from Regence's alleged contractual obligations to Karnes, the negligence claim arises from factual allegations regarding Stewart's negligent driving. Since the claims arise from different legal and factual bases, Regence contends that neither claim is contingent upon the other. When removing under § 1441(c), joinder or consent of all defendants is not necessary. *Riggs v. Plaid Pantries*, 233 FSupp2d 1260, 1266-67 (D Or 2001). Therefore, Regence removed this action without joinder or consent from Stewart and Fisher.

Stewart and Fisher now seek a partial remand of the negligence claim to state court because state law predominates with respect to that claim. Karnes objects on the basis that one forum should decide both claims because they are inextricably intertwined and because a remand would increase the costs for her in litigating this action by forcing her to assert her claims in two separate forums. Because Karnes opposes the motion to remand, she carries the burden to show that remand is not proper.

A close reading of § 1441(c) reveals four components: "the claim remanded must be (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." *Eastus*, 97 F3d at 104. In *Eastus*, the Fifth Circuit concluded that § 1441(c) authorized the district court to remand a tortious interference claim because it was predominated by state law and was separate and independent from the Family Medical Leave Act claims on which federal jurisdiction was premised. *Id* at 106.

Karnes argues that the claims are not separate and independent, but are inextricably intertwined due to the "ERISA super lien" problem. If she obtains a sufficiently high jury verdict on her negligence claims, then Regence may seek a right to reimbursement for health benefits paid to or on her behalf which would reduce the damages available to her. Although not alleged in the Complaint, she explains in her response to the Motion for Partial Remand that she received medical treatment for a collision-related injury to her hip. Because the hip injury was discovered and treated after the one-year applicability term of her PIP benefits, it was not covered by her auto insurer. Regence paid for medical expenses for a surgery related to a cervical spine mass which predated the collision. However, it appears that Regence either did not cover her medical expenses for the hip injury or only covered it in part, resulting in the alleged breach of contract for failure to pay benefits. Karnes also believes there have been improper "claw backs" by Regence, which are returns of payments to Regence by Karnes's various medical providers.

Related to the breach of contract claim is Regence's right to reimbursement. In its Answer, Regence alleges that it has paid all claims made by Karnes for health benefits due under

the policy, but asserts its right to reimbursement for benefits paid for her injuries resulting from the fault of a third party from any recovery she may obtain from a third party. Answer, ¶¶ 13-15. That right to reimbursement is set forth in the "Right of Reimbursement And Subrogation" section of the policy submitted by Karnes. Plaintiff's Memorandum in Opposition (docket # 7), Ex. 1, pp. 5-7. Under these provisions, treatment for an injury is excluded from coverage if the costs may be recoverable from a third party, and Regence may choose reimbursement from or subrogation to any recovery received from a third party. Karnes asserts that these provisions authorize Regence to impose an "ERISA super lien" against any damages she ultimately recovers from Stewart and Fisher. Karnes also explains how courts have addressed various reimbursement and subrogation clauses and details how reimbursement should be accomplished under Oregon law. She disputes that Regence has any right to reimbursement based on its failure to perfect its lien as required by Oregon law.

Karnes fears that if her two claims are split between two different courts, the doctrine of claim preclusion will foreclose her from challenging Regence's attempt to impose an "ERISA super lien" against her recovery from Stewart and Fisher. If the negligence claim is remanded to state court and results in jury verdict in her favor, then the state court will be faced with Regence's claim for reimbursement. If this court has already ruled on the ERISA claim, then Karnes believes that the state court will not allow her to contest any claim by Regence for reimbursement due to claim preclusion. That fear is unfounded for one simple reason, namely because the "ERISA super lien" issue is not before this court. The breach of contract (ERISA) claim alleges only that Regence has failed to pay health benefits due and owing to Karnes. Whether Regence has failed to pay benefits to Karnes has nothing to do with any claim for

6 - FINDINGS AND RECOMMENDATION

reimbursement that Regence may later assert against Karnes's recovery from Stewart and Fisher. At best, Karnes's claim for benefits due from Regence relates only to the potential amount of any claim for reimbursement that Regence may assert. However, until Karnes obtains a recovery from Stewart and Fisher, Regence cannot seek reimbursement. If Karnes obtains no recovery, then Regence has no claim for reimbursement.

This is not a situation where Regence has somehow improperly split its claim by removing the action to this court to take advantage of the claim preclusion doctrine. Instead, for whatever reason, Karnes joined two separate and independent claims against two different parties into one lawsuit. Stewart and Fisher have no interest or involvement in any dispute between Karnes and Regence concerning any "ERISA super lien," and have no desire to be hauled into federal court. If they are ultimately found liable to Karnes and a dispute ensues concerning whether Regence is entitled to payment from that recovery, they can simply interplead the amount at issue for Karnes and Regency to fight over.

Despite her detailed explanation, Karnes has failed to meet her burden to show that a remand is not proper. The negligence and ERISA claims are separate and independent. The negligence claim arises from the collision allegedly caused by Stewart's negligence, resulting in Karnes's injuries. The ERISA claim arises from a contract between Karnes and Regence and is a completely separate wrong. As to the negligence claim, state law clearly predominates. Thus, the court should exercise its discretion under § 1441(c) to remand the negligence claim to state court..

If the negligence claim is remanded to state court, Karnes asks the court also to remand the ERISA claim in order to reduce her expense of litigating in two courts. However, Karnes did

not file any challenge to removal of the ERISA claim by Regence. By removing this case, Regence has clearly indicated its preference for federal court to resolve the ERISA claim. Absent a timely motion by Karnes to remand, this court has no basis to remand the ERISA claim to state court unless removal was unwarranted.

In a footnote to her response to the Motion for Partial Remand, Karnes does raise the issue of whether the Regence policy is governed by ERISA However, as confirmed by the submissions of both Karnes and Regence, the Regence policy is an employee welfare plan governed by ERISA.

Though Karnes vaguely describes Regence as her "health insurer" in paragraph 9 of the Complaint, Regence clarifies in its Notice of Removal and Answer that it is Karnes's insurer under a group health policy provided by her former employer, Everybody Physical Therapy, LLC. Notice of Removal ¶ 15; Regence Answer (docket #6), ¶ 9. In her Answer to Counterclaim, Karnes also admitted that her employer provided her insurance coverage. Answer to Counterclaim (docket # 9), ¶ 1a ("The [Regence policy] was one for which plaintiff's employer paid part of the premiums (rather than an employer funded health policy) and in turn the policy was subject to the law of the State of Oregon.") Further, Karnes has submitted an excerpt of the Regence policy which confirms that it is an employee welfare plan.

Karnes does suggest that the Regence policy cannot be considered an ERISA plan because she paid "100% of the premiums herself because she no longer worked for her employer" for the last four months the policy term. Answer to Counterclaim, ¶ 1(b). However, it appears that Karnes was simply receiving benefits through COBRA which is an amendment to

and part of ERISA. *See* 29 USC § 1161-63; *Geissal v. Moore Med. Corp.*, 524 US 74, 79-80 (1998).

Even if the ERISA claim should properly remain in this court, the question arises whether its resolution should be stayed pending resolution of the negligence claim by the state court. Because of the potential claim preclusion issue with respect to the "ERISA super lien," Karnes prefers that it be stayed. However, as discussed above, nothing in the current pleadings raises the "ERISA super lien" issue. Therefore, this court can discern no reason to stay the ERISA claim until resolution of the negligence claim.

## RECOMMENDATION

For the reasons set forth above, defendant Stewart's and Fisher's Motion for Partial Remand (docket # 3) should be GRANTED and the negligence claim should be segregated and remanded to Multnomah County Circuit Court.

## SCHEDULING ORDER

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 8, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 20th day of October, 2010.

              s/ Janice M. Stewart_____
              Janice M. Stewart
              United States Magistrate Judge