FILED'10 NOV 29 15:29USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHANNA KARNES, | Civil No. 10-1059-ST |
| Plaintiff, | ORDER |
| v. | |
| MICHELLE STEWART, ROD FISCHER, and REGENCE BLUECROSS BLUESHIELD OF OREGON, | |
| Defendants. | |

HAGGERTY, District Judge:

    Magistrate Judge Stewart's Findings and Recommendation [12] recommended granting defendants Michelle Stewart and Rod Fischer's Motion for Partial Remand [3] and remanding the negligence claim in this action to Multnomah County Circuit Court. Plaintiff timely filed objections, and the case was referred to this court. For the following reasons, the Findings and Recommendation is adopted.

1- ORDER

**DISCUSSION**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed this case in Multnomah County Circuit Court. Plaintiff asserts a negligence claim against defendants Michelle Stewart and Rod Fischer arising from a motor vehicle accident, and a breach of contract claim against her health insurer, defendant Regence Bluecross Blueshield of Oregon (Regence). Regence removed this case to federal court pursuant to 28 U.S.C. § 1441(c) because plaintiff's breach of contract claim arises under the Employee Retirement and Income Security Act (ERISA).

Section 1441(c) permits a defendant to remove an entire case to federal court when "a separate and independent claim or cause of action" based on federal question jurisdiction is joined with other non-removable claims. 28 U.S.C. § 1441(c). However, the court retains the discretion to remand to state court "all matters in which State law predominates," and may do so through a partial remand of the state law claims. *Id.*; *see also Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1007 n.8 (9th Cir. 2001). The district court should consider issues of judicial economy, fairness to the litigants, and important federalism concerns when determining whether to remand the state law claims. *Boggs v. Lewis*, 863 F.2d 662, 665 (9th Cir. 1988).

For purposes of § 1441(c), a separate and independent cause of action exists when the plaintiff could have sued each defendant alone, or where the plaintiff seeks distinct damages from

2- ORDER

each defendant. *Eyak Native Vill. v. Exxon Corp.*, 25 F.3d 773, 781 (9th Cir. 1994). To be independent, the claims must arise from "separate wrongs" that do not originate from a single injury. *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (citations omitted).

Defendants Stewart and Fischer did not consent to Regence's removal and seek a remand of the negligence claim asserted against them. The Magistrate Judge found that the negligence and breach of contract claims were separate and independent, and recommended remanding the negligence claim.

Plaintiff objects, arguing that the Findings and Recommendation erred because the claims are interdependent, and "ERISA makes plaintiff's Regence health insurance policy subject to state regulation[.]" Pl.'s Objections at 2 (citations omitted). Plaintiff argues that her negligence claim for bodily injury depends on establishing liability under her claim against Regence, and that the two claims, therefore, are interrelated. *Id.* Plaintiff also asserts that issues regarding possible "claw-backs" by Regence, and Regence's potential liability for attorney fees, establishes the interdependence of plaintiff's claims. *Id.* at 5-6, 12.

Plaintiff's objections are rejected. Plaintiff fails to address how her negligence claim against Stewart and Fischer is related to Regence's decision to "claw-back" insurance payments. She also fails to explain why her potential entitlement to attorney fees requires both claims to proceed together in federal court.

Instead, the present case is analogous to the facts in *Boggs v. Lewis*. *See* 863 F.2d at 663. Following a motor vehicle collision, the plaintiff in *Boggs* asserted a claim for negligence against the other driver, as well as a claim against her insurance company for its alleged bad faith in refusing to settle her claim. *Id.* The Ninth Circuit held that the plaintiff's negligence claim was

3- ORDER

separate and independent from the claim against her insurer because the latter claim involved substantially different facts and transactions. *Id.* at 664. The court found that, unlike the negligence claim, which focused on the circumstances surrounding the accident, the insurance claim primarily involved the insurer's conduct after the accident. *Id.*

Similarly, plaintiff's negligence claim against Stewart and Fischer involves the circumstances before and during the motor vehicle accident, and the breach of contract and ERISA claim involves Regence's alleged failure to pay plaintiff's medical bills following the accident. The Findings and Recommendation correctly concluded that plaintiff's federal action is separate and independent from plaintiff's common law negligence claim.

The Findings and Recommendation also explained that any ruling by this court regarding plaintiff's breach of contract claim against Regence will have no preclusive effect on plaintiff's negligence claim in state court. Findings and Recommendation at 6. This court's ruling regarding whether Regence failed to pay benefits to plaintiff would only affect a potential reimbursement to Regence from plaintiff's state court judgment against Stewart and Fischer. *Id.*; *see also* Pl.'s Objections at 10.

Although some judicial economy factors weigh in favor of litigating both claims together in one forum, issues of fairness to Stewart and Fischer, as well as the State's interest in adjudicating this claim, support the Findings and Recommendation's conclusion that a partial remand is appropriate.

**CONCLUSION**

For the reasons provided, the court adopts the Findings and Recommendation [12]. Defendants Michelle Stewart and Rod Fischer's Motion for Partial Remand [3] is granted and

plaintiff's negligence claim against them is remanded to Multnomah County Circuit Court.

IT IS SO ORDERED.

Dated this 29 day of November, 2010.

                                                   Ancer L. Haggerty
                                                   United States District Judge