UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHANNA KARNES,                          Civil No. 10-1059-ST

       Plaintiff,                           ORDER

   v.

REGENCE BLUECROSS BLUESHIELD
OF OREGON,

       Defendant.

HAGGERTY, District Judge:

Magistrate Judge Stewart has issued a Findings and Recommendation [34] in this action, in which she recommends granting defendant's Motion for Summary Judgment [21] and dismissing this case with prejudice. Plaintiff timely filed objections, and the case was referred to this court. For the following reasons, the Findings and Recommendation is adopted.

**STANDARDS**.

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Unchallenged portions

1- ORDER

of the Findings and Recommendation will be adopted unless clear error appears on the face of the record. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

The court notes that the standard for evaluating summary judgment motions was recently modified. After December 2010, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Magistrate Judge's thorough analysis was consistent with this modified standard, and this court's review also conforms to the new standard.

## DISCUSSION

The Findings and Recommendation detailed the factual history of this matter and summarized the legal standards relevant to the issues in this case. These summaries are adopted.

Plaintiff's sole objection to the Findings and Recommendation is that summary judgment is inappropriate because this court could declare defendant's First Affirmative Defense and "claw back" provisions unenforceable under state law. Plaintiff's objection is overruled.

The Magistrate Judge thoroughly discussed plaintiff's argument, and rejected it for three reasons. First, construing plaintiff's Complaint favorably to plaintiff, plaintiff fails to assert a claim challenging the enforceability of defendant's policy provisions. *See* Findings and Recommendation at 5-6. Plaintiff argues that discussions between counsel for the parties several months before the Complaint was filed put defendant on notice that plaintiff's breach of contract claim included a challenge to the finality of defendant's payments. Even if this court accepted plaintiff's assertions regarding the content of those discussions, plaintiff's short and plain statement of her claim did not include any indication that she intended to challenge either the claw back provisions of defendant's policy, or the finality of payments made by defendant to plaintiff's medical providers. *See* Compl. ¶ 10 (alleging that defendant "failed to pay plaintiff's medical

2- ORDER

bills"). Plaintiff may not raise allegations for the first time in her response to a summary judgment motion. *Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings.") (citation omitted).

Second, the Magistrate Judge properly rejected plaintiff's argument because defendant has not attempted to claw back any payments, and any hypothetical future claw backs are not ripe for consideration. Findings and Recommendation at 6-7; *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) ("[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Finally, plaintiff's argument is foreclosed by defendant's waiver of its contractual right to claw back any payments made to plaintiff's medical providers in this case. *See* Supp. Woolard Decl. at ¶ 3. Although plaintiff argues that the waiver is ineffective or limited by defendant's response at oral argument, the language of defendant's waiver is unequivocal and binding. *See Wright v. State Farm Mut. Auto. Ins. Co.*, 196 P.3d 1000, 1006-07 (Or. Ct. App. 2008).

This court has also reviewed the unchallenged aspects of the Findings and Recommendation. No clear error exists.

**CONCLUSION**

For the reasons provided, the Findings and Recommendation [34] is adopted. Defendant's Motion for Summary Judgment [21 is granted, and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this   11   day of April, 2011.

                                              /s/ Ancer L. Haggerty
                                                Ancer L. Haggerty
                                            United States District Judge